THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SANDRA LAWRENCE & VINCENT LAWRENCE,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 3:25-cv-01728-GCS<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Pending before the Court is Defendant Walmart's Motion to Dismiss.[1] (Doc. 5). Defendant filed the Motion on September 5, 2025, alleging that Plaintiffs failed to exercise reasonable diligence in service of process as required by Illinois Supreme Court Rule 103(b). Plaintiff responded to Defendant's Motion on October 27, 2025. (Doc. 16). The Motion is thus ripe for decision. For the reasons explained below, the Court **DENIES** Defendant's Motion to Dismiss.

Plaintiffs filed this case in Illinois state court on January 30, 2025, seeking damages for personal injuries from an accident that occurred on February 2, 2023, at a Walmart

---

[1]    Defendants Walmart and Daniel Gaddy filed the Motion, but Gaddy has since been dismissed from the case.

store in O'Fallon, Illinois. (Doc. 1-2). The statute of limitations for Plaintiffs' claims ran a

few days after Plaintiffs filed suit. *See, e.g.*, 735 ILL. COMP. STAT. § 5/13-202 (noting two-

year statute of limitations for personal injury claims). Plaintiffs requested an alias

summons for Defendant from the Circuit Court of St. Clair County on July 28, 2025. (Doc.

5-3). The summons was executed on August 7, 2025. (Doc. 5-2, p. 1). The delay between

the filing of the lawsuit and Plaintiffs' first apparent efforts to serve process was more

than six months. Plaintiffs have not provided any explanation for this delay.

## DISCUSSION

As a threshold matter, Illinois state law applies to this issue. Federal procedural

rules do not apply to proceedings in state court, even if the case is later removed to federal

court. *See* FED. R. CIV. PROC. 81(c); *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th

Cir. 2001). Instead, a federal court may apply state procedural rules to pre-removal

conduct. *See Voogd v. Pavilion Found.*, No. 04-2307, 122 Fed. Appx. 850, 851 (7th Cir. Nov.

24, 2004). Here, then, the applicable law is Illinois Supreme Court Rule 103(b). This rule

provides, in relevant part, that:

> If the plaintiff fails to exercise reasonable diligence to obtain service on a
> defendant prior to the expiration of the applicable statute of limitations, the
> action as to that defendant may be dismissed without prejudice. If the
> failure to exercise reasonable diligence to obtain service on a defendant
> occurs after the expiration of the applicable statute of limitations, the
> dismissal shall be with prejudice as to that defendant only.

IL. S. CT. Rule 103(b).

Court may consider several factors in determining whether a plaintiff has

exercised reasonable diligence in effecting service of process, including "(1) the length of

time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant." *Segal v. Sacco*, 555 N.E.2d 719, 720 (Ill. 1990).

Where the statute of limitations has run and a dismissal under Rule 103(b) would be with prejudice, prejudice to the defendant in a case is another factor that a court must consider in deciding whether to dismiss a case under Rule 103(b). "Dismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service of process is of a length which denies a defendant a 'fair opportunity to investigate . . . while the facts are accessible.'" *Segal* 555 N.E.2d at 720 (citing *Geneva Const. Co. v. Martin Transfer & Storage Co.*, 122 N.E.2d 540, 549 (Ill. 1954)). While a defendant is not required to demonstrate prejudice, *Long v. Elborno*, 875 N.E.2d 1127, 1134-35 (Ill. App. Ct. 1st Dist. 2007), prejudice is "an important consideration in a Rule 103(b) analysis where the plaintiff's failure to exercise due diligence occurs after the limitations period lapses, . . ." as Defendant alleges in this case. *Richardson v. Sabbs*, No. 1-23-1547, 2025 WL 944507, at *4 (Ill. App. Ct. 1st Dist. Mar. 28, 2025).

The Supreme Court of Illinois reached a similar conclusion in *Segal v. Sacco*, 555 N.E.2d 719, 721-722 (Ill. 1990), concluding that a trial court's dismissal of a case with prejudice pursuant to Rule 103(b) after a nineteen-week delay in service was an abuse of

discretion where there was no prejudice to the defendant. Rule 103(b) "has an essential purpose in promoting the expeditious handling of suits by giving trial courts wide discretion to dismiss when service is not effected with reasonable diligence . . . [d]ismissal under Rule 103(b) is within the sound discretion of the [trial] court." *Segal v. Sacco*, 555 N.E.2d 719, 720 (1990) (internal citations omitted). Prejudice is often the dispositive factor. *See, e.g.*, *Ollins v. Karl*, 216 N.E.3d 1117, 1134 (Ill. App. Ct. 1st Dist. 2022) (affirming trial court's finding that plaintiff failed to exercise reasonable diligence, but reversing dismissal and remanding for determination of whether defendant was prejudiced by delay).

Dismissal under is not warranted in this case. Here, prejudice is the dispositive factor. Even assuming Plaintiff did not exercise reasonable diligence in achieving service, Defendant has not shown that it has been denied a "fair opportunity to investigate while the facts are accessible." *Geneva Construction Co.*, 122 N.E.2d at 540. Notably, Defendant has been on notice of this incident since at least July of 2023 and appears to have investigated it at that time. (Doc. 24-3, p. 1). It is unclear how Defendant could be prejudiced by a delay when it already investigated the claim.

In addition, Plaintiffs served Defendant within the time frame ordered by the St. Clair Circuit Court. (Doc. 24-1, p.1). If the Circuit Court had concluded that Plaintiffs had not diligently achieved service on Defendant, it could have dismissed the case on its own motion. IL. S. CT. Rule 103(b). It would be inappropriate for this Court to second-guess an Illinois state court in applying Illinois law.

Page **4** of **5**

## CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's Motion to Dismiss. (Doc. 5).

**IT IS SO ORDERED.**

**DATED:  March 17, 2026.**

Digitally signed by
Judge Sison
Date: 2026.03.17
15:28:07 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**